IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT JOHN LYNCH III and JENNIFER ANN LYNCH, | ) ) ) | CIVIL 17-00195 LEK-RLP |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| BANK OF NEW YORK MELLON; NETTLETON S. PAYNE III; DIANE ELIZABETH PAYNE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOE DEFENDANTS 1-50, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANTS NETTLETON S. PAYNE III
AND DIANE ELIZABETH PAYNE'S MOTION TO DISMISS**

Defendants Nettleton S. Payne III and Diane Elizabeth Payne's ("the Paynes") "FRCP Rule 12(B)(6) Motion to Dismiss Plaintiffs Robert John Lynch and Jennifer Ann Lynch's First Amended Complaint Filed on July 22, 2016" ("Motion") was filed on May 15, 2017. [Dkt. no. 10.] Plaintiffs Robert John Lynch and Jennifer Ann Lynch ("Plaintiffs"), filed their memorandum in opposition on May 26, 2017, and the Paynes filed their reply on June 5, 2017. [Dkt. nos. 17, 18.] This matter came on for hearing on June 19, and the Paynes' Motion is hereby granted in part and denied in part for the reasons set forth below.

**BACKGROUND**

This action arises out of the foreclosure of Plaintiffs' fee simple condominium unit in Kamuela, Hawai`i (the "Property"), which was purchased in 2001. [Notice of Removal, Decl. of Summer H. Kaiawe ("Kaiawe Decl."), Exh. 3 (First Amended Complaint) at ¶ 16.] In 2005, Plaintiffs obtained a loan in the amount of $2,000,000, secured by a mortgage on the Property (the "Mortgage"). [Id. at ¶ 17.] By virtue of an assignment of the Mortgage, recorded on August 27, 2009, Defendant Bank of New York Mellon ("BONY") became the mortgagee and commenced foreclosure proceedings against Plaintiffs. [Id. at ¶¶ 19-21.] The version of Haw. Rev. Stat. § 667-5 (part of the state's foreclosure statute) in effect at the time of the foreclosure required that the foreclosing mortgagee act through a licensed Hawai`i attorney, and that the attorney comply with the mortgage's provisions governing the mortgagee's power of sale. Plaintiffs' Mortgage contained a provision requiring a mortgagee exercising the power of sale to sell the Property at a time and place set forth in a published notice ("Published Sale Provision"). [Id. at ¶ 21.]

BONY recorded a Notice of Mortgagee's Intention to Foreclose Under Power of Sale ("Notice of Sale") in the State of Hawai`i Bureau of Conveyances ("BOC") on August 27, 2009. [Kaiawe Decl., Exh. 6 (Mortgagee's Affidavit of Foreclosure Under Power of Sale ("Foreclosure Affidavit")), Exh. H (Notice of

Sale).[1]]  BONY published the Notice of Sale on August 4, 11, and 18, 2009, in the West Hawaii Today, a newspaper of general circulation in the county where the Property is located. [Foreclosure Affidavit at 2.]  The Notice of Sale stated that the auction of the Property would take place on September 18, 2009, at the Third Circuit Court Building, but the auction did not take place on that date.  [Notice of Sale at 1; First Amended Complaint at ¶ 23.] No other notice of an auction date was ever published.  Plaintiffs allege that BONY had no right to foreclose until it published proper notice of the new auction date, and failed to use a Hawai`i attorney for the foreclosure process. [First Amended Complaint at ¶ 27, ¶14.b.]  BONY held the foreclosure sale by public auction on October 23, 2009, and BONY was the sole bidder.  [Foreclosure Affidavit at 2.]

On May 14, 2010, BONY executed a quitclaim deed conveying the Property to itself, and recorded that deed on June 1, 2010.  [Id. at ¶ 28.]  BONY sold the Property to the Paynes and recorded a limited warranty deed on November 5, 2010. [Id. at ¶ 32.]  Plaintiffs allege that, because BONY failed to satisfy all of the conditions required for lawful foreclosure under the Mortgage and Haw. Rev. Stat. Chapter 667, Part I (2009), the transfer of the Property to BONY was void. Therefore, BONY had no title to convey to the Paynes.  [Id. at

---

[1] BONY recorded the Foreclosure Affidavit in the BOC on November 5, 2009.

¶¶ 42-44.] Plaintiffs argue that the Paynes: had "record notice" that BONY had not complied with the provisions in the Mortgage governing the mortgagee's exercise of its power of sale ("Power of Sale Provisions") nor the provisions of Chapter 667, Part I; and were aware that BONY made no warranty of title. [Id. at ¶ 43.]

Plaintiffs filed their First Amended Complaint on July 22, 2016, in state court, and the action was removed to federal court based on diversity jurisdiction. [Notice of Removal, filed 4/28/17 (dkt. no. 1), at ¶¶ 11-12.]

The First Amended Complaint alleges a wrongful foreclosure claim against BONY ("Count I"); and a quiet title claim against the Paynes ("Count II"). As against the Paynes, Plaintiffs seek return of title and possession of the Property. [Id. at ¶¶ 48-49.]

The Paynes seek to dismiss the quiet title claim against them with prejudice, and argue that this claim accrued at the October 23, 2009 foreclosure sale, and the six-year limitations period under Haw. Rev. Stat. § 657-1(4) applies to the quiet title claim.[2] Because Plaintiffs did not bring this action until May 13, 2016, the Paynes submit that Plaintiffs' quiet title claim is time-barred. [Mem. in Supp. of Motion at

---

[2] Section 657-1 provides in relevant part: "The following actions shall be commenced within six years next after the cause of action accrued, and not after: . . . . (4) Personal actions of any nature whatsoever not specifically covered by the laws of the State."

18.]  However, the date as to when the quiet title claim accrued cannot be ascertained from the parties' submissions.  Therefore, whether the quiet title claim is time-barred cannot be determined based on the current record.

Nevertheless, the Motion must be granted because Plaintiffs fail to allege plausible facts that the Paynes were not bona fide purchasers and therefore the First Amended Complaint fails to state a claim against the Paynes.  For this reason, whether the quiet title claim is time-barred need not be addressed.

**DISCUSSION**

I. **Consideration of Exhibits**

"[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint."  See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  "[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."  Id. (citations and internal quotation marks omitted).  Ordinarily, consideration of other materials requires the district court to convert a motion to dismiss into a motion for summary judgment.  Yamalov v. Bank of Am. Corp., CV. No. 10-00590 DAE-BMK, 2011 WL 1875901, at *7 n.7 (D. Hawai`i May 16, 2011) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 n.4 (9th

Cir. 1998)).[3]

The Paynes submitted a copy of the Foreclosure Affidavit as an exhibit to the Notice of Removal. [Kaiawe Decl., Exh. 6.] The Note of Sale was Exhibit H to the Foreclosure Affidavit. Exhibit 6 and Exhibit H meet all of the requirements stated in Daniels-Hall. Further, the First Amended Complaint refers to the Notice of Sale and the Foreclosure Affidavit, [First Amended Complaint at ¶¶ 22-24 (Notice of Sale); id. at ¶ 31 (Foreclosure Affidavit),] and these documents are central to Plaintiffs' theory that the Paynes are not bona fide purchasers. No party questions the authenticity of either Exhibit 6 or Exhibit H. The Foreclosure Affidavit and the Notice of Sale can be considered therefore without converting the instant Motion into a motion for summary judgment.

II. Bona Fide Purchaser

Return of title and possession of the Property from the Paynes is sought based upon the transfer of title after an allegedly defective foreclosure sale. However, the Hawai`i Supreme Court has held that,

> "[w]here it is determined that the nonjudicial foreclosure of a property is wrongful, the sale of the property is invalid and voidable at the election of the mortgagor, who shall then regain title to and possession of the property." [Santiago v. Tanaka,] 137 Hawai`i [137,] 158, 366 P.3d [612,] 633 [(2016)]. We also held that **where**

---

[3] Parrino was superseded by statute on other grounds, as stated in Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 681–82 (9th Cir. 2006) (per curiam).

> **the property has passed into the hands of an innocent purchaser for value, rendering the voiding of a foreclosure sale impracticable, an action at law for damages is generally the appropriate remedy.** Id.

Mount v. Apao, 139 Hawai`i 167, 180, 384 P.3d 1268, 1281 (2016) (emphasis added). Thus, in order for Plaintiffs to regain title to the Property after it was purchases by the Paynes, Plaintiffs must prove that the Paynes were not innocent purchasers for value, *i.e.*, bona fide purchasers.

In order to state a plausible quiet title claim against the Paynes, sufficient factual allegations must be pled to allow reasonable inference that the Paynes are not bona fide purchasers. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007))). The First Amended Complaint is woefully incomplete to maintain such a claim.

Plaintiffs assert that the Published Sale Provision required BONY to sell the Property at the time and place specified in the Notice of Sale. [First Amended Complaint at ¶ 25 (quoting Mortgage at ¶ 22).] Plaintiffs claim that BONY's recording of the Notice of Sale with the BOC provided the Paynes with "record notice," *i.e.* constructive notice, that the non-judicial foreclosure sale and transfer of the Property from BONY

to BONY was void.  [Id. at ¶¶ 43-44.]  Plaintiffs' theory is that BONY's Notice of Sale provided constructive notice to the Paynes that BONY did not comply with the Power of Sale Provision because the date published in the Notice of Sale was not the date of the auction.  Additionally, Haw. Rev. Stat. § 667-5 (2009) required that BONY act through a Hawai`i licensed attorney, and that BONY abide by the requirements of the Power of Sale Provisions.  Plaintiffs allege that, since the Notice of Sale provided constructive notice that BONY did not comply with the Power of Sale Provisions, the Notice of Sale also provided constructive notice that BONY did not comply with § 667-5 (2009).  [Id. at ¶ 43.] These allegations are merely conclusory and lack plausibility as well as substance.

In their opposition, Plaintiffs allege (for the first time) that the public recording of the Foreclosure Affidavit in the BOC provided constructive notice that the non-judicial foreclosure sale and transfer of the Property to BONY was void because the Foreclosure Affidavit disclosed that the auction date had been postponed.  [Mem. in Opp. at 6-7.]  Thus, Plaintiffs contend, the Paynes are not bona fide purchasers because of the constructive notice in the Foreclosure Affidavit that the date of the auction was not the same date listed on the Notice of Sale. Having this constructive knowledge that BONY did not comply with § 667-5 (2009), Plaintiffs allege the Paynes had notice of BONY's deficient title to the Property.

The Hawai`i Supreme Court has defined a non-bona fide purchaser as follows:

> A non-bona fide purchaser is one who does not pay adequate consideration, "takes with knowledge that his transferor acquired title by fraud[,] or . . . buys registered land with full notice of the fact that it is in litigation between the transferor and a third party." Akagi v. Oshita, 33 Haw. 343, 347 (1935); Achiles v. Cajigal, 39 Haw. 493, 499 (1952); see generally 92A C.J.S. Vendor and Purchaser § 547 (2010) (defining a bona fide purchaser as "one who acquires an interest in a property for valuable consideration, in good faith, and without notice of any outstanding claims which are held against the property by third parties").

Kondaur Capital Corp. v. Matsuyoshi, 136 Hawai`i 227, 240 n.27, 361 P.3d 454, 467 n.27 (2015) (alterations in Kondaur Capital). Even if BONY wrongfully foreclosed on the Property, a bona fide purchaser is innocent of any wrongdoing by the grantee if that purchaser lacked knowledge of the wrongdoing. See Application of Bishop Trust Co., 35 Haw. 816, 825 (1941) (holding that every subsequent purchaser of registered land who takes a certificate of title for value, "except in cases of fraud to which he is a party, is entitled . . . to hold the same free from all encumbrances except those noted on the certificate and the statutory encumbrances enumerated"); Akagi, 33 Haw. at 347 (noting that some courts have held that a bona fide purchaser is only required to make a limited inquiry regarding the transferor's title, and that, to void a transferee's title, the transferee must have had knowledge of fraud or notice that, at the time of purchase, the land was the subject of litigation

regarding whether the transferee was a bona fide purchaser); Kanamu v. Park, 6 Haw. 91, 94 (1872) (stating that a deed granted to a bona fide purchaser who is unaware of any fraud by the grantor is valid); see also Packaging Prods. Co. v. Teruya Bros., Ltd., 58 Haw. 580, 585, 574 P.2d 524, 528 (1978) ("[The grantee] was not required to look beyond its grantor's certificate, and its knowledge, actual or constructive, of the earlier bill of sale would have no effect upon its status as a good faith purchaser for value." (some citations omitted) (citing Bishop Trust, 35 Haw. 816)).

Plaintiffs here fail to allege that the Paynes: took title without paying adequate consideration; took title with knowledge that BONY acquired title by fraud; or had notice of litigation between Plaintiffs and BONY regarding the Property. Accordingly, Plaintiffs fail to plead factual allegations plausibly linking the Paynes to BONY's alleged misconduct. Conclusory assertions in the First Amended Complaint are insufficient to establish that the Paynes had knowledge of BONY's alleged wrongdoing.

While Plaintiffs cite Decano v. Hutchinson Sugar Co., 45 Haw. 505, 371 P.2d 217 (1962), for the proposition that recording a certificate of entry provides public notice of a wrongful foreclosure, to bolster their claim against the Paynes, this argument widely misses the mark. In Decano, the Hawai`i Supreme Court stated:

> The recordation of the certificate of entry is
> constructive notice to all persons who claim any
> title or interest acquired subsequent to the
> mortgage under which the entry for foreclosure is
> made, and enables them to determine, with facility
> and precision, what is necessary to be done for
> the preservation and protection of the interest
> which they may have acquired in the estate.
> Robbins v. Rice, 73 Mass. (7 Gray) 202, 203
> [(1856)].

45 Haw. at 518, 371 P.2d at 224. There, the supreme court was addressing persons claiming rights to the property under the terms of the mortgagor. Decano cannot be interpreted as suggesting that mere recordation of a notice of sale or a foreclosure affidavit is sufficient to provide notice to a third party, such as a bona fide purchaser, that a foreclosure was defective.

While Plaintiffs attempt to argue that their First Amended Complaint plausibly alleges that the Paynes are not bona fide purchasers, it clearly does not. The First Amended Complaint contains the most generalized allegation that the Paynes had knowledge that the foreclosure was unlawful because of BONY's recordation of the Notice of Sale and fails include any factual content from which any reasonable inference could be drawn that the Paynes colluded with BONY, knew of wrongdoing by BONY, or were not bona fide purchasers. See Iqbal, 556 U.S. at 678. Simply alleging that the Paynes are not bona fide purchasers is an improper legal conclusion, and cannot be accepted as true for purposes of the Motion. See id. ("Although for the purposes of a motion to dismiss we must take all of the

factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting Twombly, 550 U.S. at 555 (internal quotation marks omitted)).  Plaintiffs' quiet title claim thus fails to state a plausible claim for relief and must be dismissed. See Fed. R. Civ. P. 12(b)(6).

To justify dismissal with prejudice, it must be clear that the claim could not be saved by any amendment.  See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation and internal quotation marks omitted)).  The bar being set so very low, it could be possible for Plaintiffs to cure the defects in their claim against the Paynes.  The dismissal of Plaintiffs' quiet title claim therefore is without prejudice.[4]

If Plaintiffs intend to pursue the quiet title claim, then factual allegations which plausibly demonstrate that the Paynes colluded with BONY, were involved in a scheme to wrongfully obtain title from Plaintiffs, or had actual knowledge of BONY's alleged misconduct must be sufficiently pled or the claim will again fail to survive a motion to dismiss, and that dismissal may be with prejudice.

---

[4] In light of this ruling, the limitations period issue, the void vs. voidable issue, and the other arguments raised by the parties are not reached.

**CONCLUSION**

On the basis of the foregoing, Defendants Nettleton S. Payne III and Diane Elizabeth Payne's FRCP Rule 12(B)(6) Motion to Dismiss Plaintiffs Robert John Lynch and Jennifer Ann Lynch's First Amended Complaint Filed on July 22, 2016, which the Paynes filed on May 15, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as the quiet title claim against the Paynes is HEREBY DISMISSED. The Motion is DENIED insofar as the dismissal of the claim against the Paynes is WITHOUT PREJUDICE.

The Court GRANTS Plaintiffs leave to amend their quiet title claim against the Paynes. Plaintiffs do not have leave to add any new parties, claims, or theories of liability. Plaintiffs must file their second amended complaint by **September 11, 2017**. If Plaintiffs fail to file their second amended complaint by **September 11, 2017**, the claim will be dismissed with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 15, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROBERT JOHN LYNCH, ET AL. VS. THE BANK OF NEW YORK MELLON, ET AL; CIVIL 17-00195 LEK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS NETTLETON S. PAYNE III AND DIANE ELIZABETH PAYNE'S MOTION TO DISMISS**