IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ROBERT JOHN LYNCH III and      )      CIVIL 17-00195 LEK-RLP
JENNIFER ANN LYNCH,            )
                              )
        Plaintiffs,            )
                              )
    vs.                        )
                              )
BANK OF NEW YORK MELLON;       )
NETTLETON S. PAYNE III; DIANE  )
ELIZABETH PAYNE; MORTGAGE      )
ELECTRONIC REGISTRATION        )
SYSTEMS, INC., and DOE         )
DEFENDANTS 1-50,               )
                              )
        Defendants.            )
_____)

**ORDER DENYING DEFENDANTS NETTLETON S. PAYNE III
AND DIANE ELIZABETH PAYNE'S MOTION TO DISMISS;
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT BANK OF NEW YORK MELLON'S MOTION TO DISMISS**

        Before the Court are: Defendants Nettleton S. Payne III
and Diane Elizabeth Payne's ("the Paynes") FRCP Rule 12(B)(6)
Motion to Dismiss Plaintiffs Robert John Lynch and Jennifer Ann
Lynch's *Second Amended Complaint* Filed on September 11, 2017
[Dkt. No. 29] ("Payne Motion"), filed on September 21, 2017; and
Defendant Bank of New York Mellon's ("BONY") Motion to Dismiss
Plaintiffs' [29] Second Amended Complaint ("BONY Motion"), filed
on September 25, 2017.  [Dkt. nos. 30, 33.]  Plaintiffs
Robert John Lynch and Jennifer Ann Lynch ("Plaintiffs") filed
their memoranda in opposition on December 6, 2017.  [Dkt. nos.
35, 36.]  On December 13, 2017, BONY and the Paynes filed their

respective replies. [Dkt. nos. 37, 38.] The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). For the reasons set forth below, the Payne Motion is hereby denied and the BONY Motion is hereby granted in part and denied in part. The BONY Motion is granted insofar as Plaintiffs' wrongful foreclosure claim is dismissed with prejudice, and the BONY Motion is denied in all other respects.

## BACKGROUND

Plaintiffs commenced this action on May 13, 2016 in state court. [Notice of Removal, filed 4/28/17 (dkt. no. 1), Decl. of Summer H. Kaiawe ("Kaiawe Removal Decl."), Exh. 1 (state court docket sheet) at 3.] Plaintiffs also filed their First Amended Complaint in state court on July 22, 2016. [Kaiawe Removal Decl., Exh. 3 (First Amended Complaint).] The First Amended Complaint alleged a wrongful foreclosure claim against BONY and a quiet title claim against the Paynes.

On August 15, 2017, this Court issued an Order Granting in Part and Denying in Part Defendant Nettleton S. Payne III and Diane Elizabeth Payne's Motion to Dismiss ("8/15/17 Order"). [Dkt. no. 28.[1]] The 8/15/17 Order dismissed the quiet title

_____

[1] The 8/15/17 Order is also available at 2017 WL 3568667. The 8/15/17 Order ruled on the Paynes' May 15, 2017 motion to
(continued...)

2

claim without prejudice because the First Amended Complaint failed to plausibly allege that the Paynes are not bona fide purchasers of Plaintiffs' real property (the "Property"). 2017 WL 3568667, at *1, *5. The 8/15/17 Order stated:

> If Plaintiffs intend to pursue the quiet title claim, then factual allegations which plausibly demonstrate that the Paynes colluded with BONY, were involved in a scheme to wrongfully obtain title from Plaintiffs, or had actual knowledge of BONY's alleged misconduct must be sufficiently pled or the claim will again fail to survive a motion to dismiss, and that dismissal may be with prejudice.

Id. at *5.

Plaintiffs filed their Second Amended Complaint on September 11, 2017.[2] [Dkt. no. 29.] The factual allegations discussed in the 8/15/17 Order are also alleged in the Second Amended Complaint and will not be repeated here. In addition, the Second Amended Complaint includes the Mortgagee's Affidavit of Foreclosure Under Power of Sale, which BONY recorded in the State of Hawai`i Bureau of Conveyances ("BOC") on October 18, 2010 ("Amended Foreclosure Affidavit").[3] [Second Amended

---

[1](...continued)
dismiss the First Amended Complaint. [Dkt. no. 10.]

[2] Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") filed its answer to the Second Amended Complaint on September 22, 2017. [Dkt. no. 32.] MERS did not file any document regarding either the Payne Motion or the BONY Motion.

[3] The 8/15/17 Order discusses the original Mortgagee's Affidavit of Foreclosure Under Power of Sale, which BONY recorded
(continued...)

3

Complaint, Exh. B.]  According to the Amended Foreclosure

Affidavit, the scheduled September 18, 2009 public foreclosure

auction was orally postponed at the auction.  [Id. at 4, 24.[4]]

There were four people present at the scheduled September 18,

2009 auction, and the new auction date, time, and place were

announced.  [Id. at 24 (Decl. of Postponement, dated 9/18/09, by

Kelly Tmakiung, Auctioneer).]  However, according to Plaintiffs,

there was no published notice regarding the postponement.  See

Second Amended Complaint at ¶ 27 (stating the published notice

regarding the original auction date "was the only published

notice of the sale date, location and time and terms of sale").

BONY was the sole bidder at the October 23, 2009 auction, and it

purchased the Property for $1,186,600.00.  [Amended Foreclosure

Aff. at 4.]

     Plaintiffs state section 22 of their mortgage on the

Property ("Mortgage") required the mortgagee to publish written

_____

     [3](...continued)
in the BOC on November 5, 2009 ("Foreclosure Affidavit").  See,
e.g., 2017 WL 3568667, at *1 & n.1.  The Amended Foreclosure
Affidavit includes, inter alia, additional information regarding
the postponement of the auction and additional exhibits.  Compare
Kaiawe Removal Decl., Exh. 6 (Foreclosure Aff.) with Second
Amended Complaint, Exh. B (Amended Foreclosure Aff.).

     [4] The Amended Foreclosure Affidavit consists of multiple
documents that are not consecutively paginated.  All citations to
the Amended Foreclosure Affidavit refer to the page numbers
assigned by the district court's electronic filing system.
Pages 2-4 is the affidavit itself, and the subsequent pages are
the exhibits to the affidavit.

notice of the sale when exercising its power to sell the
Property. [Second Amended Complaint at ¶ 28.] Plaintiffs argue
the failure to publish any written notice of the October 23, 2009
auction violated: section 22 of the Mortgage; Haw. Rev. Stat.
§ 667-7(a) (2009);[5] and the requirements recognized in <u>Hungate v.
Law Office of David B. Rosen</u>, 139 Hawai`i 394, 391 P.3d 1 (2017).
[<u>Id.</u> at ¶ 30.] Plaintiffs further allege that, in light of these
violations, BONY did not have the right to sell the Property to
anyone – let alone itself – on October 23, 2009. [<u>Id.</u> at ¶ 31.]
Therefore, BONY's sale of the Property to itself and its
subsequent sale to the Paynes are either void or voidable. [<u>Id.</u>
at ¶ 34.]

    The Second Amended Complaint alleges the following
claims: "Count I - Quiet Title, Ejectment & Declaratory Relief
Against All Defendants" ("Count I" or "quiet title claim"); [<u>id.</u>
at pg. 4 (emphasis omitted);] and a wrongful foreclosure claim
against BONY ("Count II").[6] Count I includes a section setting

_____

    [5] Plaintiffs cite to the 2008 version of the statute. <u>See,
e.g.</u>, Second Amended Complaint at ¶ 39. However, there were no
amendments made to § 667-7 between the amendment that took effect
June 3, 2008 and the foreclosure of the Property, which occurred
in 2009. Section 667-7, and other sections of Haw. Rev. Stat.
Chapter 667, Part I, were repealed in 2012. <u>See, e.g.</u>, <u>Galima v.
Ass'n of Apartment Owners of Palm Court</u>, CIVIL 16-00023 LEK-KSC,
2017 WL 1240181, at *2 n.3 (D. Hawai`i Mar. 30, 2017).

    [6] Plaintiffs' claims are state law claims over which this
Court has diversity jurisdiction. <u>See</u> 8/15/17 Order, 2017 WL
3568667, at *2. "When a district court sits in diversity . . . ,
                                                    (continued...)

forth "Special Allegations" addressing the 8/15/17 Order.  <u>See</u>

<u>id.</u> at pg. 17.  The Special Allegations include:

-a reiteration of the allegations in the First Amended Complaint
     that, based on the contents of publicly recorded documents
     concerning the Property, the Paynes had notice of problems
     with the title they received from BONY; <u>compare</u> First
     Amended Complaint at ¶¶ 43-44 <u>with</u> Second Amended Complaint
     at ¶¶ 49-52, 59-60;

-at the time of the foreclosure, Plaintiffs' Mortgage loan was
     being serviced by either Bank of America ("BOA") or BAC Home
     Loans LP ("BAC"), a subsidiary of BOA, and it is likely that
     BOA/BAC used an form addendum that is commonly used in the
     sale of property owned by a lender ("REO Addendum"), or
     another similar form addendum; [Second Amended Complaint at
     ¶¶ 53-56, Exh. C (REO Addendum);]

-the REO Addendum notifies the purchaser the sale may be subject
     to either judicial approval of the foreclosure or the
     mortgagor's right of redemption, and the REO Addendum
     requires the purchaser to acknowledge that he may be
     dispossessed of the property if the mortgagor pays certain
     sums; [Second Amended Complaint at ¶ 57;] and

-the Paynes purchased the Property at a discounted price –
     $999,900 in 2010 when the tax-assessed value was over
     $2,270,000 and the 2001 purchase price was $2,000,000 – [<u>id.</u>
     at ¶ 67,] which should have put the Paynes on notice that
     there may be defects in the foreclosure process and possible
     claims by Plaintiffs, [<u>id.</u> at ¶ 68].

Plaintiffs argue that, under the circumstances of this case, the

Paynes had actual or constructive notice of both Plaintiffs'

claim that the foreclosure was invalid and Plaintiffs' right to

cure any default on their Mortgage.  [<u>Id.</u> at ¶¶ 58, 69.]

_____

[6](...continued)
the court applies state substantive law to the state law claims."
<u>Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC</u>, 632 F.3d
1056, 1060 (9th Cir. 2011).

The Paynes seek the dismissal with prejudice of Plaintiffs' quiet title claim against them on the ground that: they are bona fide purchasers; or, in the alternative, Plaintiffs' claim against them is time-barred.  The BONY Motion argues: 1) both of Plaintiffs' claims against BONY are time-barred; and 2) even Plaintiffs' claims are timely, Plaintiffs' quiet title claim against BONY fails because Plaintiffs cannot reclaim title to the Property from bona fide purchasers.

## DISCUSSION

### I.   Consideration of Exhibits

The applicable case law regarding the consideration of exhibits in the context of a motion to dismiss is set forth in the 8/15/17 Order.  2017 WL 3568667, at *2.

In addition to the Amended Foreclosure Affidavit and the REO Addendum, discussed *supra*, the Second Amended Complaint also includes Plaintiffs' Apartment Deed, recorded in the BOC on December 14, 2001 ("Plaintiffs' Deed").  [Second Amended Complaint, Exh. A.]  Plaintiffs have also submitted: their Mortgage, which was recorded in the BOC on July 21, 2005; BONY's Notice of Mortgagee's Intention to Foreclose Under Power of Sale, recorded in the BOC on August 27, 2009 ("Notice of Sale"); the Foreclosure Affidavit; the Amended Foreclosure Affidavit; BONY's Mortgagee's Quitclaim Deed, recorded in the BOC on June 1, 2010, by BONY as grantor, in favor of BONY as grantee ("BONY Deed");

and the Apartment Deed (Limited Warranty), recorded in the BOC on November 5, 2010, by BONY as grantor, in favor of the Paynes as grantee ("Payne Deed").[7] [Mem. in Opp. to Payne Motion, Decl. of James J. Bickerton, Exh. D (Mortgage), Exh. E (Notice of Sale), Exh. F (Foreclosure Aff.), Exh. G (Amended Foreclosure Aff.), Exh. H (BONY Deed), Exh. I (Payne Deed).[8]] For the same reasons set forth in the 8/15/17 Order, the Court will consider the exhibits listed in this section in ruling on the Payne Motion and the BONY Motion (collectively "Motions"), and the consideration those exhibits does not require the conversion of the Motions into motions for summary judgment.[9]

## II.  <u>**Whether Plaintiffs' Claims Are Time-Barred**</u>

At the outset, this Court must address the argument, raised in both Motions, that all of Plaintiffs' claims are time-barred.

---

[7] The Payne Deed is also an exhibit in support of the Payne Motion. [Payne Motion, Decl. of Summer H. Kaiawe ("Kaiawe Payne Motion Decl."), Exh. 5.]

[8] None of these exhibits are consecutively paginated. All citations to Plaintiffs' exhibits refer to the page numbers assigned in the district court's electronic case filing system.

[9] The parties' exhibits that are not identified in this section: 1) are filings in this case or legal authorities, both of which this Court could consider even if they were not exhibits; or 2) are not relevant to this Court's analysis.

## A. **Wrongful Foreclosure**

This Court has predicted the Hawai`i Supreme Court would hold that a six-year limitations period applies to wrongful foreclosure claims pursuant to Haw. Rev. Stat. § 657-1(1).[10] See Galima v. Ass'n of Apartment Owners of Palm Court, CIVIL 16-00023 LEK-KSC, 2017 WL 1240181, at *10 (D. Hawai`i Mar. 30, 2017) (citing Lowther v. U.S. Bank N.A., 971 F. Supp. 2d 989, 1013-14 (D. Hawai`i 2013) (discussing Niutupuivaha v. Wells Fargo Bank, N.A., Civil No. 13-00172 LEK-KSC, 2013 WL 3819600, at *9 (D. Hawai`i July 22, 2013))). Section 657-1(1) states:

> The following actions shall be commenced within six years next after the cause of action accrued, and not after:
>
> (1) Actions for the recovery of any debt founded upon any contract, obligation, or liability, excepting such as are brought upon the judgment or decree of a court; excepting further that actions for the recovery of any debt founded upon any contract, obligation, or liability made pursuant to chapter 577A shall be governed by chapter 577A.

Therefore, Plaintiffs' argument that the twenty-year statute of limitations provided in Haw. Rev. Stat. § 657-31 applies is rejected.[11] See Mem. in Opp. to BONY Motion at 28-32.

---

[10] BONY reserves the right to argue a two-year limitations period applies, if the Hawai`i appellate courts address the issue. [Mem. in Supp. of BONY Motion at 1 n.1.]

[11] Section 657-31 states: "No person shall commence an action to recover possession of any lands, or make any entry thereon, unless within twenty years after the right to bring the

(continued...)

The Paynes and BONY contend the statute of limitations for a wrongful foreclosure claim begins to run from the date of the foreclosure sale.  [Mem. in Supp. of Payne Motion at 27 (some citations omitted) (citing <u>Niutupuivaha v. Wells Fargo Bank, N.A.</u>, 2013 WL 3819600, Civ. No. 13-00172 LEK-KSC, at *10 (D. Haw. July 22, 2013); <u>Lowther v. U.S. Bank, N.A.</u>, 971 F. Supp. 2d 989, 1014 (D. Haw. 2013); <u>Galima v. Ass'n of Apartment Owners of Palm Court by & through its Bd. of Directors</u>, Civ. No. 16-00023 LEK-KSC, 2017 WL 1240181, at *10 (D. Haw. Mar. 30, 2017)); Mem. in Supp. of BONY Motion at 7 (some citations omitted) (citing <u>Galima</u>, 2017 WL 1240181, at *10).]  BONY argues this is based on the occurrence rule.[12]  [Mem. in Supp. of BONY Motion at 7 (citing <u>Schimmelfennig v. Grove Farm Co.</u>, 41 Haw. 124, 130 (1955)).]

However, in <u>Niutupuivaha</u>, <u>Lowther</u>, and <u>Galima</u>, this Court did not address when the six-year limitations period for a wrongful foreclosure claim begins to run.  The issue in both <u>Niutupuivaha</u> and <u>Lowther</u> was whether the wrongful foreclosure

---

[11](...continued)
action first accrued."

[12] Under the occurrence rule, "the accrual of the statute of limitations begins when the negligent act occurs or the contract is breached."  <u>Blair v. Ing</u>, 95 Hawai'i 247, 264, 21 P.3d 452, 469 (2001).  In contrast, "[u]nder the discovery rule, a cause of action does not accrue, and the limitations period therefore does not begin to run, until the plaintiff knew or should have known of the defendant's negligence."  <u>Id.</u> (citation and internal quotation marks omitted).

claim was time-barred under the two-year limitations period
provided in Haw. Rev. Stat. § 657-7 – a position this Court
rejected in both cases. <u>Niutupuivaha</u>, 2013 WL 3819600, at *12;[13]
<u>Lowther</u>, 971 F. Supp. 2d at 1014.[14] Similarly, in <u>Galima</u>, this
Court rejected the argument that the wrongful foreclosure claim
was untimely because the plaintiffs filed their action "well
within six years of" the date of the foreclosure sale. 2017 WL
1240181, at *10. It was unnecessary to address whether the six-
year limitations period began to run on the date of the
foreclosure sale or at a later date. Thus, none of this Court's
cases have ruled that the occurrence rule applies to wrongful
foreclosure claims, *i.e.* that the six-year statute of limitations
period always begins to run from the date of the foreclosure
sale.

Insofar as there is no Hawai`i case law addressing this
issue, this Court must predict how the Hawai`i Supreme Court

---

[13] In <u>Niutupuivaha</u>, the nonjudicial foreclosure sale
occurred on March 23, 2010, and the plaintiffs filed their action
on December 31, 2012. [<u>Niutupuivaha</u>, Notice of Removal of Action
by Defs. Wells Fargo Bank, N.A. & Mortgage Electronic
Registration Systems, Inc., filed 4/12/13 (dkt. no. 1), Exh. A
(complaint) at ¶ 7.]

[14] In <u>Lowther</u>, the foreclosure sale took place on April 30,
2009, and the plaintiff filed his action on April 4, 2013. 971
F. Supp. 2d at 993-94. After this Court dismissed Lowther's
original complaint without prejudice, he filed an amended
complaint, which this Court dismissed with prejudice. 2014 WL
2452598 (May 30, 2014). On appeal, the Ninth Circuit affirmed
this Court's rulings. 702 F. App'x 517 (2017).

would decide the issue.  <u>See</u> <u>Galima</u>, 2017 WL 1240181, at *5
(discussing standard for deciding state law issues "[i]n the
absence of a governing state decision").  This Court has
analogized wrongful foreclosure claims to legal malpractice
claims, which are also "'hybrids of tort and contract and which
have as their gravamen injury to intangible property interests'."
<u>Niutupuivaha</u>, 2013 WL 3819600, at *11 (quoting <u>Higa v.
Mirikitani</u>, 55 Haw. 167, 173, 517 P.2d 1, 5 (1973)).  The Hawai`i
Supreme Court has adopted the discovery rule and rejected the
occurrence rule for both medical malpractice and legal
malpractice claims.  <u>Blair</u>, 95 Hawai`i at 264-67, 21 P.3d at 469-
72.  Therefore, it is likely that the discovery rule applies to
wrongful foreclosure claims.

However, it is unnecessary for this Court to determine
whether the occurrence rule or the discovery rule applies to
Plaintiffs' wrongful foreclosure claim in this case because their
claim would be time-barred under either rule.  Under the
occurrence rule, the statute of limitations began to run on the
date of the foreclosure auction sale – October 23, 2009.  The
Second Amended Complaint does not specify when Plaintiffs learned
that the sale was held on that date.  At the latest, Plaintiffs
had notice of the October 23, 2009 sale date upon the recordation
of the original Foreclosure Affidavit, which was recorded on
November 5, 2009.  The original Foreclosure Affidavit stated the

12

Property was sold at the October 23, 2009 auction, *i.e.* not on the date that had been specified in the written public notices. Under Plaintiffs' theory of the case, the filing of the original Foreclosure Affidavit was sufficient to put Plaintiffs on notice of the actual date of the sale. <u>See</u> Second Amended Complaint at ¶ 40 ("All of the violations of the power or the statute alleged herein were apparent or could be reasonably inferred or discerned from the Foreclosure Affidavit and any subsequent purchaser or mortgagee thus had constructive notice that a self-dealing mortgagee had sold the Property to itself or its nominee by quitclaim deed without having fulfilled conditions for a lawful sale.").

The information contained in the original Foreclosure Affidavit was enough to prompt Plaintiffs to make a reasonably diligent inquiry into why the foreclosure auction did not go forward on the date specified in both the Notice of Sale and the newspaper announcements. <u>See</u> <u>Vidinha v. Miyaki</u>, 112 Hawai`i 336, 341, 145 P.3d 879, 884 (Ct. App. 2006) (stating in the context of a medical malpractice claim, "the discovery rule is not without limit. It includes a duty of reasonably diligent inquiry, which in turn requires prompt consultation with those in the medical and legal community."), *aff'd*, 114 Hawai`i 262, 160 P.3d 738 (2007) (table of dispositions). Thus, under the discovery rule, the statute of limitations for Plaintiffs' wrongful foreclosure

claim began to run on November 5, 2009, or earlier if Plaintiffs had actual notice of the sale on the unpublished auction date.

This Court also rejects Plaintiffs' argument that wrongful foreclosure is a continuing tort. That Plaintiffs continue to experience the effects of the foreclosure does not render their wrongful foreclosure claim a continuing tort. See Begley v. Cty. of Kauai, CIVIL 16-00350 LEK-KJM, 2018 WL 295799, at *2 (D. Hawai`i Jan. 4, 2018) ("Generally, a continuing tort is defined as one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation, and for there to be a continuing tort there must be a continuing duty." (internal quotation marks and some citations omitted) (quoting Anderson v. State, 88 Hawai`i 241, 247, 965 P.2d 783, 789 (Ct. App. 1998))).

Plaintiffs filed this action on May 13, 2016, which was more than six years after either October 23, 2009 or November 5, 2009. Plaintiffs fail to state a plausible wrongful foreclosure claim because the claim is time-barred.[15] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a

---

[15] This Court rejects all of Plaintiffs' arguments why their wrongful foreclosure claim should not be time-barred, including the arguments not specifically addressed in this Order.

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007))); <u>id.</u> ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing <u>Twombly</u>, 550 U.S. at 556)). Count II must therefore be dismissed.

Further, the dismissal of Count II must be with prejudice because it is clear that Plaintiffs cannot save their wrongful foreclosure claim by amendment. <u>See</u> <u>Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.</u>, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks omitted)). The BONY Motion is granted insofar as Count II is dismissed with prejudice.

## B. **Quiet Title**

It is not clear what statute of limitations period applies to a quiet title claim arising from an alleged wrongful foreclosure. The Hawai`i Supreme Court has stated that the appropriate statute of limitations period is determined by the nature of the claim or right alleged in the pleadings, not by the

form of the pleadings.  <u>Au v. Au</u>, 63 Haw. 210, 214, 626 P.2d 173, 177 (1981).  The supreme court has also recognized that "where two or more causes of action arise from a single transaction, different statute of limitations are applicable to the separate claims."  <u>Id.</u>  BONY's argument that the same statute of limitations for Plaintiffs' wrongful foreclosure claim automatically applies to Plaintiffs' quiet title claims is therefore rejected.  Looking at the nature of Plaintiffs' quiet title claims, at a minimum, the § 657-1(1) six-year statute of limitations would apply for similar reasons that statute of limitations applies to Plaintiffs' wrongful foreclosure claim. However, it is possible that a longer limitations period, such as the § 657-31 twenty-year period, may apply.  This Court need not decide which statute of limitations applies because, even under the shorter period, Plaintiffs' quiet title claims would be timely.

> Under Hawai`i law:
>
>      In an action to quiet title, the burden is on the plaintiff to prove title in and to the land in dispute, and, absent such proof, it is unnecessary for the defendant to make any showing.  <u>State v. Zimring</u>, 58 Haw. 106, 110, 566 P.2d 725, 729 (1977) (citations omitted).  The plaintiff has the burden to prove either that he has paper title to the property or that he holds title by adverse possession.  <u>Hustace v. Jones</u>, 2 Haw. App. 234, 629 P.2d 1151 (1981); <u>see also</u> <u>Harrison v. Davis</u>, 22 Haw. 51, 54 (1914).  While it is not necessary for the plaintiff to have perfect title to establish a prima facie case, **he must at least prove that he has a substantial interest in the**

> **property and that his title is superior to that of
> the defendants.** <u>Shilts v. Young</u>, 643 P.2d 686,
> 689 (Alaska 1981).

<u>Maui Land & Pineapple Co. v. Infiesto</u>, 76 Hawai`i 402, 407-08,
879 P.2d 507, 512-13 (1994) (emphasis added) (some citations
omitted).  Plaintiffs' quiet title claims are therefore based
upon BONY's and the Paynes' title to, *i.e.* ownership of, the
Property.[16]  Plaintiffs' quiet title claim against the Paynes
could not have accrued until the Paynes acquired title to the
Property.  Assuming the factual allegations of the Second Amended
Complaint to be true, the Paynes acquired their title to the
Property by either October 30, 2010, when the Payne Deed was
executed, or November 5, 2010, when the deed was recorded.  <u>See</u>
<u>Iqbal</u>, 556 U.S. at 678 ("for the purposes of a motion to dismiss
we must take all of the factual allegations in the complaint as
true").  Similarly, Plaintiffs' quiet title claim against BONY
could not have accrued until BONY actually became a title holder.
Assuming the factual allegations of the Second Amended Complaint
to be true, BONY acquired its title to the Property by either
May 14, 2010, when the BONY Deed was executed, or June 1, 2010,
when the deed was recorded.  Regardless of whether the dates of
the deeds' execution or the dates of their recordation control,

---

[16] Plaintiffs' quiet title claim against BONY does not arise
from the foreclosure process but from BONY's purchase of the
Property.  In other words, if BONY had not sold the Property to
itself at the foreclosure sale, Plaintiffs would have only had a
wrongful foreclosure claim against BONY.

Plaintiffs filed this action within six years.  Plaintiffs have therefore pled sufficient facts that, if proven, would plausibly support a ruling that their quiet title claims are timely.  The BONY Motion and the Payne Motion are each denied to the extent it seeks dismissal of Count I as time-barred.

## III. Whether the Paynes Are Bona Fide Purchasers

As previously noted, the 8/15/17 Order concluded that Plaintiffs failed to plead a plausible quiet title claim against the Paynes because Plaintiffs failed to plead sufficient facts to support their position that the Paynes are not bona fide purchasers.

### A. Whether Non-Bona Fide Purchaser Status Must Be Pled

Plaintiffs object that the 8/15/17 Order improperly requires that they "plead their way around the affirmative defense" that the Paynes are bona fide purchasers.  [Second Amended Complaint at ¶ 46 n.3.]  Plaintiffs argue bona fide purchaser status "remains an affirmative defense on which the defendant bears the burden of proof and Plaintiffs have no burden to plead or prove."  [Id. at ¶ 47 & n.4 (citing cases and 77 Am Jur 2d Vendor and Purchaser § 727 (1975)).]

First, to the extent Plaintiffs ask this Court to reconsider its ruling in the 8/15/17 Order that they must plead a plausible position that the Paynes are not bona fide purchasers, the request is an untimely attempt to seek reconsideration of the

18

8/15/17 Order.  See Local Rule LR60.1 (stating motions for reconsideration alleging legal error "must be filed and served not more than fourteen (14) days after the court's written order is filed").  This Court declines to consider Plaintiffs' argument.

Further, even if this Court considered Plaintiffs' untimely request for reconsideration, the request would be denied.  It is true that bona fide purchaser status, also referred to as innocent purchaser status, is an affirmative defense.  See, e.g., Iwamoto v. Hironaga, No. 30302, 2011 WL 3808780, at *4 (Hawai`i Ct. App. Aug. 30, 2011) (referring to the holder in due course defense as "the statutory equivalent of the common law innocent purchaser defense").  However, a required element of Plaintiffs' quiet title claim against the Paynes is that Plaintiffs' title to the Property is superior to the Paynes' title.  See Maui Land & Pineapple, 76 Hawai`i at 408, 879 P.2d at 513.  Thus, to state a plausible quiet title claim against the Paynes as third-party purchasers after BONY's allegedly wrongful foreclosure, more was required than merely the allegations that the Paynes took title and BONY's actions were wrongful.  To plead a plausible basis for the superiority of Plaintiffs' title over the Paynes' title, Plaintiffs had to address whether the Paynes are bona fide purchasers.  Even if Plaintiffs had filed a timely motion for reconsideration of the 8/15/17 Order, the motion would

have been denied.  The Court now turns to the sufficiency of the factual allegations in the Second Amended Complaint.

**B.    Whether Plaintiffs Cured the Defect**
**Identified in the 8/15/17 Order**

The Paynes argue Count I fails to state a plausible quiet title claim against them because Plaintiffs failed to cure the defect identified in the 8/15/17 Order.  BONY argues that, if the Paynes are bona fide purchasers, Plaintiffs cannot recover title to the Property, and therefore Plaintiffs' quiet title claim against BONY also fails.

In addition to reiterating their argument based upon the information available to the Paynes through the publicly recorded documents about the Property, Plaintiffs have also alleged that the Paynes may have received the REO Addendum and that the Paynes purchased the Property at a discounted price.  It is a close question whether Plaintiffs have stated a plausible basis for their position that their title is superior to the Paynes' title.  If this case were at another procedural stage, such as summary judgment, the current record would be clearly insufficient to support judgment in favor of Plaintiffs on their quiet title claim against the Paynes, and it may also be insufficient to avoid a summary judgment motion by the Paynes.  However, at the motion to dismiss stage, when this Court must assume Plaintiffs' factual allegations to be true, Plaintiffs have pled – albeit just barely – sufficient factual allegations

to support a plausible quiet title claim against the Paynes. Plaintiffs must be allowed to proceed with discovery to try to obtain evidence to prove, and strengthen, their factual allegations.  The Payne Motion is therefore denied.

Because BONY's argument why Plaintiffs' quiet title claim against it is premised upon the plausibility of Plaintiffs' quiet title claim against the Paynes, the BONY Motion is also denied.[17]

## CONCLUSION

On the basis of the foregoing, the Paynes' FRCP Rule 12(B)(6) Motion to Dismiss Plaintiffs Robert John Lynch and Jennifer Ann Lynch's *Second Amended Complaint* Filed on September 11, 2017 [Dkt. No. 29], filed September 21, 2017 is HEREBY DENIED; and BONY's Motion to Dismiss Plaintiffs' [29] Second Amended Complaint, filed September 25, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART.  The BONY Motion is GRANTED insofar as Plaintiffs' wrongful foreclosure claim against BONY is DISMISSED WITH PREJUDICE.  The BONY Motion is DENIED as to Plaintiffs' quiet title claim against BONY.

---

[17] Although Plaintiffs' wrongful foreclosure claim is time-barred, in order to prove the merits of their quiet title claims, Plaintiffs will be required to prove that BONY and/or MERS did not properly complete the foreclosure process in this case.  The instant Motions do not present the issue of whether Plaintiffs have pled sufficient factual allegations to support that portion of their quiet title claims, and thus the Court makes no findings or conclusion regarding that issue.

BONY and the Paynes are ORDERED to file their respective answers to the Second Amended Complaint (except as to Count II which is dismissed) by **August 21, 2018**. The Court EMPHASIZES that this deadline **will not be affected** by the filing of any motion for reconsideration of the instant Order. If any motion for reconsideration is filed and granted, the defendants will be permitted to file amended answers, if necessary.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 30, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

ROBERT JOHN LYNCH, III, ET AL. VS. THE BANK OF NEW YORK MELLON, ET AL; CIVIL 17-00195 LEK-RLP; ORDER DENYING DEFENDANTS NETTLETON S. PAYNE III AND DIANE ELIZABETH PAYNE'S MOTION TO DISMISS; AND GRANTING IN PART AND DENYING IN PART DEFENDANT BANK OF NEW YORK MELLON'S MOTION TO DISMISS